IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUNG BEA HAN,
      Plaintiff,

vs.                                          Case No. 3:09cv295/LAC/EMT

NICOLE McDONALD
and W. RICHARD FANCHER,
      Defendants.
_____/

## ORDER

      Plaintiff, appearing pro se, has filed a Second Amended Complaint pursuant to 42 U.S.C.
§ 1983 (Doc. 12).  The filing fee has been paid.  Plaintiff names two Defendants in this action,
Nicole McDonald and W. Richard Fancher, both of whom are employees of the Florida Department
of Environmental Protection (*see id.*).

      Plaintiff is informed that it is his responsibility to formally serve the complaint so that
Defendants may be given an opportunity to respond to his allegations.  In light of Plaintiff's pro se
status, the court will provide him with information concerning service.  To effect service of process,
each Defendant must be delivered a summons, which is issued to Plaintiff by the clerk of court, and
a copy of the Second Amended Complaint (Doc. 12).  Service may be effected by any person who
is at least 18 years of age and is not a party to this action.  To the extent Plaintiff sues Defendants
in their individual capacities, service upon an individual is effected by serving each Defendant in
the manner prescribed by Rule 4(e) of the Federal Rules of Civil Procedure.  Alternatively, Rule 4(d)
of the Federal Rules of Civil Procedure allows Plaintiff the option of sending each Defendant a
notice of commencement of this action and a request that each Defendant waive formal service of
process.  If a Defendant fails to return the waiver form (which Plaintiff must enclose), Plaintiff must
formally serve that Defendant, and that Defendant may be liable for the costs of formal service.

      To the extent Plaintiff sues Defendants in their official capacities, service must be made in
accordance with Rule 4(j)(2) of the Federal Rules of Civil Procedure.  Plaintiff should note that

service upon a state, municipal corporation, or other governmental organization corporation is effected by delivering a copy of the summons and amended complaint to the chief executive officer, or serving the summons and complaint in the manner prescribed by the laws of the State of Florida for the service of summons or other like process upon any such Defendant. Fed. R. Civ. P. 4(j)(2). Plaintiff should thoroughly review Rule 4 before attempting service on Defendants.

Finally, Plaintiff is advised that he is responsible for service "within 120 days after the complaint is filed," or the cause may be dismissed. *See* Fed. R. Civ. P. 4(m).

Accordingly, it is **ORDERED**:

1.      The clerk of court shall forthwith issue a summons for each Defendant and send the summonses to Plaintiff.  The clerk shall also send Plaintiff waiver of service forms (forms AO-398 and AO-399) for his use (it is Plaintiff's responsibility to determine the number of forms he needs and make the appropriate number of photocopies).

2.      Plaintiff is responsible for prompt service of a summons and a copy of the Second Amended Complaint (Doc. 12) upon each Defendant in each capacity in which he or she is sued.

3.      After responses to the complaint have been filed by Defendants, Plaintiff shall be required to mail to the attorney for each Defendant a copy of every pleading or other paper submitted for consideration by the court.  Plaintiff shall include with the original paper to be filed with the clerk of court a "certificate of service" which states the date a correct copy of the paper was mailed to each Defendant or to the attorney representing each Defendant.  Any paper submitted for filing after a response to the complaint has been filed by Defendants which does not contain a "certificate of service" shall be returned to Plaintiff by the clerk and disregarded by the court.

**DONE AND ORDERED** this 5th day of August 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**